---

(14 Misc. Rep. 251.)

## MOIR v. PEARSALL.

(City Court of New York, General Term. October 29, 1895.)

1. JUDGE—DISQUALIFICATION—REVIEW OF OWN DECISION.
   A judge who signed pro forma the order appealed from, which was entered on a decision rendered by another judge, is not thereby disqualified from taking part in the appeal.

2. BILL OF PARTICULARS—AFFIDAVIT BY ATTORNEY.
   A bill of particulars will not be ordered on the affidavit of the moving party's attorney. Groff v. Hogan, 34 N. Y. Supp. 462, 13 Misc. Rep. 322, followed.

Appeal from special term.

Action by William Moir against Phoebe Pearsall to recover $121.45 for goods sold and delivered. Defendant answered, setting up payment in part. Plaintiff then moved for an order directing defendant to serve a bill of particulars, showing the dates of the alleged payments, together with their amounts, and whether paid in cash or by check. The motion was made on the affidavit of Henry B. Ketcham, one of plaintiff's attorneys. The motion was argued before Judge FITZSIMONS, but the order was signed by Judge McCARTHY. From an order granting the motion, defendant appeals. Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

George C. Coffin, for appellant.
Esselstyn, Ketcham & Stafford, for respondent.

McCARTHY, J. Although the order from which this appeal is taken was signed by me, it is, however, an appeal from a decision rendered by Justice FITZSIMONS. The signing of the order by me was merely pro forma and unnecessary, and therefore does not disqualify me from hearing and determining this appeal. This order must be reversed, on the opinion of Newburger, J., in Groff v. Hogan, 13 Misc. Rep. 322, 34 N. Y. Supp. 462.

Order is therefore reversed, with costs and disbursements, and motion is denied, with leave to renew on proper papers.